Caroline Janzen, OSB #176233
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
503-395-3051
caroline@janzenlegalservices.com

Paul Janzen, OSB #176240
4800 SW Griffith Drive, Suite 320
Beaverton, OR 97005-8716
503-395-3052
paul@janzenlegalservices.com

Of Attorneys for Plaintiff Christopher Serafin


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER SERAFIN<br><br>*Plaintiff*,<br><br>v.<br><br>THE WILLIAM C. EARHART COMPANY INC., CASCADE GENERAL, INC, LABORER'S LOCAL UNION 296, OREGON LABORERS'-EMPLOYERS PENSION PLAN TRUST<br><br>*Defendants.* | Case No. 3:18-cv-00192-YY<br><br><br><br>**SECOND AMENDED COMPLAINT** |

1.    The Plaintiff CHRISTOPHER SERAFIN brings this Complaint pursuant to

ERISA 29 U.S.C. §1140 and 29 U.S.C. §1132(a) and (c) against the Defendants THE WILLIAM

C. EARHART COMPANY INC., as administrator of the Oregon Laborers'-Employers Pension

Plan Trust (the "Pension Plan"), the OREGON LABORERS'-EMPLOYERS PENSION PLAN

TRUST as a non-profit corporate entity, CASCADE GENERAL, INC., the Plaintiff's former

employer, and LABORER'S LOCAL UNION 296, the Plaintiff's former union.

## Summary

2.      The Defendants violated the Employment and Retirement Income Security Act

of 1974, as amended, 29 *U.S.C.* §1001, et seq., ("ERISA") by the following:

a.      The Defendant Cascade General, Inc., breached its fiduciary duties under ERISA

by failing to correct errors in its reported hours even after it was informed of the error.

b.      Laborer's Local Union 296 and/or Cascade General also engaged in fraudulent

misrepresentation, negligent misrepresentation, and negligence, under Oregon law, while

also violating 29 *U.S.C.* §1132(a). Laborer's Local Union 296 and/or Cascade General

falsified or negligently produced erroneous overtime and wage records purporting to be

the Plaintiff's wage records and submitted them to the Oregon Laborers'-Employers

Pension Plan Trust pursuant to the Plaintiff's pension benefits claim, depriving him of the

full benefits due him under ERISA.

c.      Oregon Laborers'-Employers Pension Plan Trust, Laborer's Local Union 296,

Cascade General, Inc., and the William C. Earhart Company Inc. engaged in a

discriminatory scheme to deprive the Plaintiff of his ERISA benefits, by refusing to

provide information about the Plaintiff's eligibility for those benefits for a period of four

years, and by agreeing to unconscionable pension plan language which deprived the

Plaintiff of retroactive disability benefits. The plan language contains facially disparate

benefit vesting timelines for retirement benefits as opposed to disability benefits. This

scheme violated and continues to violate ERISA 29 *U.S.C.* §1140, and ORS 659A.112.

**Jurisdiction**

3.      The Court has subject-matter jurisdiction over this action pursuant to ERISA 29 *U.S.C.* §1140, 29 *U.S.C.* §1132(a) and (c).

4.      The court has supplemental jurisdiction over all Oregon law claims because they arose from the same case and controversy under Article III of the United States Constitution and 28 *U.S.C.* § 1367.

5.      The Court has personal jurisdiction over the Defendants because they are located in Oregon, do business in Oregon, and caused injury to the Plaintiff under ERISA 29 *U.S.C.* §1140, 29 *U.S.C.* §1132(a) and (c) in the State of Oregon.

6.      The Plaintiff is a resident of the state of Oregon, residing in Portland, Oregon.

7.      The Plaintiff at all times pertinent, was a participant within the meaning of 29 *U.S.C.* §1002(2)(7) in the Oregon Laborers'-Employers Pension Plan Trust ("The Plan") that was issued to Cascade General, Inc., the Plaintiff's employer and to Laborer's Local Union 296, the Plaintiff's union.

8.      The Defendant Cascade General, Inc. is a for-profit corporation and does business in the State of Oregon, deriving revenue from its business it conducts in Oregon. Defendant Cascade General, Inc. has its corporate headquarters located at 5555 N Channel Ave., Portland, OR 97217.

9.      The Pension Plan was administered by William C. Earhart Company, Inc., located at 3140 NE Broadway St., Portland, Oregon 97232.

10.      Laborer's Local Union 296 has its headquarters at 17230 NE Sacramento Street, Portland, OR 97230.

///

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

**Standing**

11.     As a full-time employee, the Plaintiff was covered by the Plan and was therefore a participant in the plan within the meaning of 29 U.S.C. §1132(a)(1) and 29 U.S.C. §1132(c)(1).

12.     The Plaintiff has standing to bring this action against the Defendants under ERISA, 29 U.S.C. §1132(a) and (c), because the Defendants caused harm to him that creates a cause of action under ERISA, 29 U.S.C. §1132(a) and (c) and it is likely the remedies specified in ERISA, 29 U.S.C. §1132(a) and (c) will be able to redress his grievances.

13.     The Plaintiff has exhausted all available administrative remedies under ERISA. The Plaintiff's retroactive disability benefits were first denied on June 10, 2008. The Plaintiff made an internal appeal to the board of trustees of the Plan through a letter dated June 24, 2008. The board considered his appeal at their September 17, 2008 meeting, but did not provide a response explaining in detail their reasons for denying the claim until October 10, 2008. The Plaintiff requested an arbitration hearing which was held on June 30, 2009, in Portland, Oregon. An Opinion and award was issued on August 10, 2009, denying the Plaintiff's claim for retroactive disability benefits, leading to the present litigation.

**Statement of Facts**

14.     Oregon Laborers'-Employers Pension Plan Trust is a group disability plan maintained jointly by Cascade General, Inc., ("the Employer") and Laborer's Local Union 296 now known as local union 799 ("the Union") and administered by Oregon William C. Earhart Company Inc. ("Plan Administrator").

15.     The administrators of the pension plan both disperse benefits from the trust and determine eligibility. Thus, the trustees of the pension plan also have a financial conflict of interest in denying or minimizing benefit distributions in order to maximize the value of the trust.

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

16.     The trustees of the pension plan drafted language designed to deny disabled employees retroactive disability benefits if there were any delays in their application for benefits following their injury date.

17.     This discriminatory language, which is still in effect, combined with the actions of the defendants to jointly and severally deny plaintiff of his disability benefits in violation of ERISA 29 *U.S.C.* §1140.

18.     The Plaintiff is a Polish immigrant who speaks broken English.

19.     The Plaintiff was employed as a worker with Laborer's Local Union 296 from July 30 1993 to July 8, 2004 and at Cascade General, Inc. from September 14, 1993 to July 8, 2004.

20.     While working as an employee at Cascade General, the Plaintiff was once told by a supervisor to "go home you Polak" during the course of his work in 2003.

21.     On or about June of 2001, Mr. Serafin's certification to use his respirator expired and he requested a re-certification test to resume using his respirator due to the toxic chemicals and dust he was being exposed to on the job. Cascade General, Inc. delayed providing this certification for approximately one month, while expecting him to continue working without one. When Mr. Serafin filed an incident report, his foreman for that project told him that he would no longer use him as a laborer on any of his projects. The foreman's actions reduced the jobs and work assignments he was given, causing a loss in wages and a decrease in future benefits.

22.     Subsequently, the Plaintiff was passed over for work assignments by other employees at cascade general who had less seniority than he did and these employees received more work opportunities. This fact was corroborated by a union investigation report that was issued on December 1, 2004.

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

23.     On February 12, 2002, the Plaintiff suffered a work injury due to the use of heavy hand tools to perform ship cleaning, which caused him to develop carpel tunnel syndrome in his right hand. Since his work involved a significant amount of physical labor, this injury required him to be placed on light duty for several weeks.

24.     After a short time, the Plaintiff returned to full duty. Subsequently, on December 11, 2002, Plaintiff filed an incident report saying that the pain returned while the Plaintiff was holding a heavy hand tool on a job that required overhead work. The Plaintiff also reported that the "numbness, tingling, pain in the right-hand radiating to the elbow" was an ongoing issue that was coming back on again off again for that entire year, since the injury on February 12, 2002.

25.     On August 19, 2003, the Plaintiff had a bicycle accident where he was struck in the rear by a car while riding his bicycle on his way home from work. The accident re-aggravated his carpel tunnel syndrome and required him to use a wrist brace. However, he was still allowed to do most of his tasks, except for heavy lifting. The Plaintiff saw a doctor at Providence Medical Group on December 12, 2003, because his carpel tunnel syndrome had been aggravated again. At this time, the doctor recommended that the Plaintiff on lighter duty at work for two weeks. The Plaintiff was placed on 80% work activity, specifically avoiding repetitive heavy lifting. After a period of 2 weeks, the doctor stated he should be able to return to full activity. On June 23, 2004, he saw a doctor at OHSU who explained in a letter to Cascade General, Inc. that the Plaintiff would be restricted from lifting heavy objects over 50 pounds unassisted for an indefinite time going forward. This report was issued approximately two weeks before the Plaintiff was laid off.

26.     An independent medical examiner hired by the automobile insurance company on April 23, 2004 to assess the Plaintiff following the bicycle accident concluded that only 25% of

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

his wrist injury was caused by the accident. The remaining 75% cause of the carpel tunnel syndrome was attributed to the pre-existing overuse injury at work.

27.    As much as possible, the Plaintiff attempted to perform his job as normal, despite his disability. However, near the end of June, 2004, the Plaintiff asked for help setting up a pump that weighed 90 pounds due to his work injury. Shortly afterward, on July 8, 2004, following his lunch break, the Plaintiff was called into the laborers' office by Mr. Robert Coates, where he was given a lay-off notification. The Plaintiff was laid-off on a Code 65 with medical accommodations. The lay-off notice required him to obtain a full duty release from a doctor in order to be re-hired.

28.    In a subsequent response to the Plaintiff's union complaint, Mr. Coates claimed that, although federal law required them to provide light duty if Plaintiff's disability was caused by an "on the job injury", it did not require the business to provide accommodations for employees who are injured "off the job".

29.    Following the denial of the Plaintiff's Retroactive benefits claim in March, 2008, the Defendant the pension plan failed to send a denial letter within 30 days as required by 29 U.S.C. § 1133.

30.    Several months later, the plan denied his claim for retroactive disability benefits, interpreting language in the plan as requiring disabled workers to present proof of disability, and stating that benefits would only begin from the date that satisfactory proof of disability was provided to the pension plan administrators, rather than the original date of injury.

31.    Mr. Serafin applied for social security disability benefits in 2005 and went through several years of appeals from 2005 to 2008.

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

32.     Mr. Serafin's social security disability application was delayed due to identity theft of his social security number and erroneous medical records created by someone illegally using his social security number.

33.     He did not receive his decision granting benefits until January of 2008.

34.     In 2009, Plaintiff discovered that Defendant Cascade General's reported hours were inaccurately low.

35.     In 2009, Plaintiff went to Defendant Cascade General's records department and informed them that their report of hours was inaccurately low.

36.     Cascade General, Inc. failed to update Plaintiff's reported hours or file a corrected hours report with the pension plan from that 2009 until now.

37.     Plaintiff came to the Union and asked the Union for a printout of his hours, informing the union that Cascade General's reported hours were inaccurately low, and he needed a printout of his hours to correctly calculate his pension benefits.

38.     The Union created a printout of Plaintiff's hours from its record-keeping system.

39.     Upon information and belief, the Union did not conduct an investigation to verify that its hour records were correct.

40.      The Union sent the printout of hours in its record-keeping system to Earhart for recalculation of Plaintiff's pension benefits.

41.     On September 18, 2013, the Plaintiff reviewed all his paystubs and added up his hours, observing discrepancies between the hours listed on his paystubs and the hours reported to the Pension Plan by the Union.

42.     Between 2009, when the adverse arbitration ruling came down, and January of 2018, the Plaintiff had been engaging in settlement negotiations with defendants the Pension

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

Plan and Earhart regarding settlement of his retroactive disability benefits claim and inaccurately low reported hours.

43.     In January 2018, Plaintiff was given a settlement offer which contained inaccurate work hour calculations and retroactive disability benefits until 2005 and was told that if he did not accept the offer, they would terminate settlement negotiations and take the settlement offer off the table.

44.     On January 25, 2018, Plaintiff filed this suit pro se to protect his ERISA rights.

45.     Upon reviewing Plaintiff's paystubs, plaintiff's attorneys discovered that during 1996, his total working hours, including his holiday and vacation hours, matched the hours reported by the union, but not cascade general.

46.     In 2004, Plaintiff's reported hours from both Cascade General and the Union matched his total working hours, including his holiday and vacation hours.

47.     In the year 2000, plaintiff's paystubs showed that $2.01 was being deducted from each hour worked towards his pension plan regardless of whether it was a holiday or vacation.

48.     Plaintiff's collective bargaining agreement that was in place between 2000 and 2002 contained the following language in Section 8.6: "The Employer will continue to contribute $0.75 for all hours worked and an additional $0.25 in the first (la.) year for a total of $1.00 in the first (15t.) year for all hours worked. The Employer will continue to pay a total of $1.00 in the second (2nd) year for all hours worked to a jointly administered Union Pension Fund for eligible Employees."

49.     Plaintiff's collective bargaining agreement that was in place between Cascade General, Inc. and the Union between 2002 and 2004 contained the following language in section

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

7.7 "The employer will continue to contribute $1.00 for all hours worked to a jointly administered Union Pension Fund for eligible Employees."

50.     Defendants Cascade General, Inc. and Laborer's Local Union 296 drafted the collective bargaining agreements.

51.     The amounts deducted from Plaintiff's paycheck during the year 2000 do not match the amounts listed in the collective bargaining agreements as employer contributions.

52.     Plaintiff's hours are not listed on the paystubs when holiday pay and vacation pay was stated on his paystubs. Only the fact that money was coming out labeled "401K" is listed. Complex and tedious calculations are required to determine what amounts were coming out of each paycheck per hour.

**Count 1: Unconscionability of Pension Plan Language as applied and interpreted by the Pension Plan in violation of ERISA 29 *U.S.C.* §1140 by the Pension Plan**

53.     The Plaintiff realleges and incorporates the allegations of paragraphs 1-37.

54.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 *U.S.C.* §1132(a) and (c), 29 *U.S.C.* § 1109, and ERISA 29 *U.S.C.* §1140.

55.     By this action, the Plaintiff seeks monetary damages and injunctive relief, pursuant to 29 *U.S.C.* §1132(a) and (c), requiring defendant to recalculate the Plaintiff's benefits to account for missing work hours fraudulently under-reported by the union, compensate the Plaintiff for missing prior unpaid benefits dating back to the actual date of injury, and clarify his rights to future benefits under the plan.

56.     The Oregon Laborers'-Employers Pension Plan Trust engaged in a discriminatory scheme comprised of various different discriminatory actions, the totality of which resulted in

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

the deprivation of Plaintiff's ERISA benefits. Plaintiff was deprived of his ERISA benefits on the part of the Pension Plan in drafting unconscionable pension plan language designed and interpreted to deprive the Plaintiff of retroactive disability benefits

57.    Disparities in the vesting language between the vesting date of the normal retirement plan and the disability benefits demonstrate the existence of a scheme by the defendants to violate the Plaintiff's ERISA rights. The Pension Plan Trust drafted language that could be used to delay approval of disability claims in order to deprive disabled workers such as the Plaintiff of benefits while the application was pending and deprive workers of retroactive benefits when they were not promptly informed of their right to benefits by their employer or union which were both plan sponsors.

58.    Even if Plaintiff had been informed of his right to benefits, Plaintiff's social security disability claim had been delayed due to identity theft of his social security number, a factor outside his control. The language of the plan was intended to deny payment of retroactive benefits to anyone who could not present proof of their claim satisfactory to the board of trustees of the pension plan. Without that decision from the social security administration, the pension plan administrator would have likely denied Plaintiff's disability benefits application for lack of proof or would have delayed issuing the benefits until the satisfactory proof was provided to the plan, with the same result. Thus the language of the plan was designed to deprive retroactive benefits from anyone whose social security benefits decision was delayed.

59.    Despite the fact that the Plaintiff's social security disability claim had already been approved at the time of filing his pension claim, the Pension Plan Trust and/or the William Earhart Company or its predecessor in interest waited to approve the claim until additional copies of the decision were provided, delaying benefits by a month. While a month delay may

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

seem insignificant, it is a clear example of the intent by the Defendants to delay access to the

Plaintiff's disability benefits by various means, including withholding information about his

eligibility for those benefits, to deprive the Plaintiff of those benefits.

60.    In §6.8(a) of the Plan, retirement benefits commence on "the first of the month

immediately following receipt by the Trustees of the participant's or beneficiary's written

application requesting benefits." However, in §10.2(c) the plan states that "the Participants

disability benefits shall commence on the first day of the month coinciding with or immediately

following the date his or her total and permanent disability is established." This language, as

interpreted by the Defendants, creates a disparate start date for disability benefits as opposed to

retirement benefits. It is designed to delay when disability benefits begin by making sure that

they do not commence until disability is established. The arbitrator concluded that the date when

permanent disability is established is the date it is "established to the satisfaction of the trustees."

*See* Record Document 1-4 at 13. Thus, the trustees have great discretion to seek whatever

evidence the trustees deem necessary prior to concluding that disability is established. If the

Arbitrator's interpretation of the provision is true, the trustees could potentially delay a

pensioner's disability claim indefinitely. The trustees have a financial incentive to do this, since

the more they delay, the less benefits they have to pay.

61.    In the Ninth Circuit, grants of discretionary authority to determine plan terms are

narrowly construed, and the burden is on the administrator to show that the plan gives

discretionary authority to interpret them. *Kearney v. Standard Ins. Co*., 175 F3d 1084, 1089 (9th

Cir 1999) ("the default is that the administrator has no discretion, and the administrator has to

show that the plan gives it discretionary authority in order to get any judicial deference to its

decision."). In this case, due to the conflicts of interest and discriminatory actions towards the

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

Plaintiff on the part of the Defendants, the Defendants are not entitled to judicial deference, and the plan terms should be analyzed under de novo review using the *contra preferentum* standard, where the terms of the policy should be construed against the drafter.

62.    Furthermore, even if the interpretation of the trustees is given deference, the court should invalidate the language of the plan prohibiting retroactive benefits on the basis of unconscionability. *Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp*., 258 F3d 645, 655 (7th Cir 2001) ("The federal common law of ERISA may include a concept of unconscionability . . .") Thus, under federal common law, the court has authority to invalidate provisions in a pension plan that the it finds unconscionable. The disability benefit vesting provision is an example. If applied to the Plaintiff, the provision prohibiting benefits from being paid retroactive to the date of the injury would result in a denial of years of benefits. This was achieved by a simple refusal on the part of multiple Defendants to provide information to the Plaintiff about his right to disability pension benefits in a timely fashion. No reasonable person in an equal bargaining position would agree to a term where the trustees have unbridled discretion to extend an application process indefinitely until they have subjectively determined that disability has been established. Neither would a union looking out for its disabled workers agree to a provision that denies retroactive disability benefits to a disabled person who is suffering, and in need of support. This court should hold that the pension plan drafted and implemented unconscionable provisions designed to invidiously discriminate against the disabled by depriving them of benefits due to delays in applying for benefits that were no fault of their own.

63.    The Plaintiff's cause of action against the Pension Plan and against Earhart is equitably tolled for the following reasons: the Plaintiff was engaging in good faith settlement negotiations with the Pension Plan and the William Earhart Company for the past 10 years to

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

resolve the allegations surrounding this complaint, including the arbitrator's decision denying

retroactive benefits. All the settlement agreements contained provisions to settle allegations of

entitlement to retroactive disability payments. When settlement negotiations broke down, the

Plaintiff immediately filed this action pro-se in a good faith attempt to protect his rights.

64.    The Plaintiff is entitled to recover his costs and attorneys' fees for prosecuting

this claim pursuant to 29 *U.S.C.* §1132(a), 42 *U.S.C.* §12205.

**Count 2: ERISA Fraud Claim and in the alternative, Fraud Claim under Oregon Common Law by Defendants Laborer's Local Union 296 and by Cascade General, Inc. in Fraudulently Failing to Accurately Report Plaintiff's Working Hours to the Pension Plan And Deducting Money from his Paycheck that did not Match Hours Reported**

65.    The Plaintiff realleges and incorporates the allegations of paragraphs 1-47.

66.    Cascade General, Inc. and Laborer's Local Union 296 engaged in ERISA Fraud,

fraudulent misrepresentation, negligent misrepresentation, and negligence, under Oregon and

United States law, while also violating ERISA by falsifying or failing to verify the overtime and

wage records of the Plaintiff that were submitted to the Oregon Laborers'-Employers Pension

Plan Trust pursuant to the Plaintiff's pension benefits claim, depriving him of the full benefits

due him under ERISA. Defendants' Cascade General, Inc. and Laborer's Local Union 296

participated in a scheme to deduct money from every paycheck and from every hour paid to the

plaintiff, including vacation hours and holiday hours, but only credit his pension with various

conflicting reports of hours that did not match either the Plaintiff's actual hours worked or his

total compensated hours including vacation and holiday hours.

67.    Plaintiff's collective bargaining agreement states that the employer only is

required to contribute to the pension plan for hours worked. The phrase hours worked should be

construed against the drafter because there appears to be a course of dealing demonstrating that

in practice, pension plan contributions were being deducted from all compensated hours.

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

68.     Even if the collective bargaining agreement only requires employers to make matching contributions for hours worked, the employer contributions are not the same as employee contributions. Plaintiff did not get credited with all of his employee contributions to the pension plan due to the fraudulent reporting by the defendants.

69.     The Supreme Court, in *Varity Corp. v. Howe*, discussed the need for courts to "develop a federal common law of rights and obligations under ERISA-regulated plans", in context of a breach of fiduciary duty claim involving fraud, and upheld this claim under ERISA § 502(a)(3). *Varity Corp. v. Howe*, 516 US 489, 497 (1996)(Internal Citations Omitted).

70.     *Diduck v. Kaszycki & Sons Contractors, Inc*., a highly analogous case from the Second Circuit, illustrates the federal common law elements of an ERISA fraud claim. Those elements are as follows: "These include 1) a material false representation or omission of an existing fact, 2) made with knowledge of its falsity, 3) with an intent to defraud, and 4) reasonable reliance, 5) that damages plaintiff." *Diduck v. Kaszycki & Sons Contractors, Inc*., 974 F2d 270, 276 (2d Cir 1992). To the extent ERISA pre-empts any Oregon Fraud claims against the defendants, Federal ERISA fraud claims take their place. If Oregon Fraud claims against defendants are not pre-empted in the Ninth Circuit, Plaintiff asserts them against the defendants.

**A.  Material False Representation**

71.     Both Cascade General, Inc. and the Union made material false representations in statements of hours provided to the pension plan and to the William C. Earhart Company to calculate plaintiff's ERISA benefits.

72.     In its initial statement of reported pension hours dated April 18, 2008, Cascade General, Inc. provided inaccurately low work hours to the pension plan, resulting in an erroneously low benefit calculation. The Plaintiff submitted additional records including W2s on

Page 15 – SECOND AMENDED COMPLAINT

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

September 22, 2009 to Earhart to recalculate the Plaintiff's benefits. Laborer's Local Union 296 also provided records to Earhart on 9-22-2009 which showed the Plaintiff's work hours as recorded by the union.

73.    Earhart used these records to recalculate the Plaintiff's benefits resulting in an increase of the Plaintiff's benefits. The Plaintiff and the Defendants were pursuing good faith settlement negotiations between September 22, 2009 and January 2018, when settlement negotiations broke down and the Plaintiff filed this suit.

74.    In examining the defendants the Earhart Company and the Pension Plan's last settlement offer on or about September 18, 2013, the Plaintiff reviewed his work hours by going over all of his Paystubs from 1995 to 2004. The Plaintiff noticed that the hours recorded on his paystubs did not match the hours reported by the Union to Earhart, the pension plan administrator. Ever since that time, in every settlement meeting with Earhart and the Pension Plan, Mr. Serafin objected to the fact that his hours had not been properly recalculated. However, he continued to negotiate in good faith, hoping to reach a just and amicable settlement.

75.    The Union had a duty to verify its wage records and to provide accurate records to the pension plan for the purposes of benefit calculation. While the trust only requires the employer to report work hours, if the union undertakes the duty of reporting pension plan hours, it must fulfill that duty responsibly. Laborer's Local Union 296 thus breached a duty of care to the Plaintiff that it voluntarily assumed.

76.    Cascade General, Inc., had a duty to accurately report the Plaintiff's hours to the pension plan pursuant to Article IV of the Pension Plan's Trust Agreement. It also had a continuing duty to correct errors in the reported hours of the plan participants. Cascade General, Inc. breached that duty. Cascade General, Inc. should have known that Plaintiff's work hours

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

were incorrectly reported because it was the party responsible to report those hours to the pension plan trust and was in the best position to prevent and correct the error. Cascade General, Inc. had actual knowledge that the reported hours were incorrect because Cascade General, Inc. was both the reporter of the inaccurate hours and the custodian of Plaintiff's paystub records. At the very least, Cascade General, Inc. had constructive knowledge that the hours they reported to the pension fund were inaccurate.

77. Cascade General's failure to report all of Plaintiff's pension contributions to the pension plan was discovered by counsel for plaintiff on May 13, 2019, and could not have been discovered previously by a reasonable person due to the complexity of the calculations and technical knowledge required to determine the existence of the fraud.

78. Plaintiff's paystub records for his work while employed at Cascade General, Inc. show numerous unexplained discrepancies. See table 1 below.

79. Table 1.

| Total Missing Hours and Comparison to Hours Reported by Cascade General, Inc. and the Union | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Hours from Serafin | | | | | | Union Reported Hours | | Cascade General, Inc. Reported | |
| Year | Total Hours | Work Hours without Vacation, and Holiday Pay | Difference Compared to Union Hours | Difference Compared to Cascade General Hours | Difference compared to Work Hours without Vacation, and Holiday Pay | Year | Total Hours | Year | Total Hours |
| 1993 | 506.50 | 506.50 | 0.00 | 0.00 | 0.00 | 1993 | 506.5 | 1993 | 506.5 |
| 1994 | 1465.50 | 1465.50 | 0.00 | 0.00 | 0.00 | 1994 | 1465.5 | 1994 | 1465.5 |
| 1995 | 54.50 | 54.50 | 0.00 | 0.00 | 0.00 | 1995 | 54.5 | 1995 | 54.5 |
| 1995 | 947.70 | 927.00 | 20.70 | 20.70 | 20.70 | 1995 | 927 | 1995 | 927 |
| 1996 | 2,498.84 | 2394.00 | 0.84 | 72.84 | 104.84 | 1996 | 2498 | 1996 | 2426 |
| 1997 | 2,659.21 | 2496.50 | 122.71 | 194.71 | 162.71 | 1997 | 2536.5 | 1997 | 2464.5 |
| 1998 | 2,230.84 | 2077.00 | 79.84 | 167.84 | 153.84 | 1998 | 2151 | 1998 | 2063 |
| 1999 | 2,460.81 | 2285.50 | 71.31 | 153.31 | 175.31 | 1999 | 2389.5 | 1999 | 2307.5 |
| 2000 | 2,377.70 | 2218.00 | 123.70 | 179.70 | 159.70 | 2000 | 2254 | 2000 | 2198 |
| 2001 | 1,995.45 | 1801.50 | 105.95 | 187.45 | 193.95 | 2001 | 1889.5 | 2001 | 1808 |
| 2002 | 1,393.54 | 1252.00 | 107.54 | 163.54 | 141.54 | 2002 | 1286 | 2002 | 1230 |
| 2003 | 1,919.31 | 1753.00 | 110.31 | 176.31 | 166.31 | 2003 | 1809 | 2003 | 1743 |
| 2004 | 314.00 | 257.39 | 72.00 | 0.00 | 56.61 | 2004 | 242 | 2004 | 314 |
| Total Hrs | 20,823.8983 | 19,488.3900 | 814.8983 | 1,316.3983 | 1,335.5083 | Total Hrs | 20,009.00 | Total Hrs | 19,507.50 |

Janzen Legal Services, LLC
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

**B. Made with Knowledge of its Falsity**

80.     As alleged in paragraphs 1-34, Defendant Cascade General, Inc. demonstrated a pattern of discrimination against the Plaintiff on the basis of his disability designed to deprive him of his disability benefits. These facts are evidence of intent to continue this pattern of discrimination by underreporting his hours to further deprive him of disability benefits to which he is entitled.

81.     The Union displayed a similar pattern of discriminatory failure to provide information about Plaintiff's disability benefits and report the existence of his disability to the pension plan trust as alleged in paragraph 32 and 37. In addition to these facts, the knowledge requirement can be satisfied if the representation is made with reckless disregard as to its truth. *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F2d 270, 276 (2d Cir 1992). The Union knew or had reason to know that there was a high likelihood that its reported hours were incorrect since the Plaintiff came to the union asking for a printout of his hours and explained to agents of the union that the hours reported to the Pension Plan by Cascade General were erroneous. Since the hours provided to the Plaintiff by the Union likely came from Cascade General, the Union had a duty to contact Cascade General to verify the accuracy of its reported hours. Providing a printout of Plaintiff's hours to the William C. Earhart company without doing so made with reckless disregard of its truth or falsity.

**C. With an Intent to Defraud**

82.     "An actor intends a result where there is substantial certainty that the result will follow from his actions." *Diduck v. Kaszycki & Sons Contractors, Inc*., 974 F2d 270, 278 (2d Cir 1992). With the fraudulent hour reports, both Cascade General and the Union intended the result of their actions because it was substantially certain that a false hour report to the Pension Plan

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

and to Earhart would result in calculation of Plaintiff's benefits at amounts lower than what

Plaintiff was entitled to. A motive to defraud is not required "where the circumstances indicate

conscious behavior by the defendant from which intent can be inferred." *Diduck v. Kaszycki &*

*Sons Contractors, Inc.*, 974 F2d 270, 277 (2d Cir 1992).

### D. Reasonable Reliance

83.     "The reliance element of fraud is essentially causation in fact." *Diduck v.*

*Kaszycki & Sons Contractors, Inc.*, 974 F2d 270, 278 (2d Cir 1992). Here, Plaintiff relied on the

false representations of the Union and Cascade General for the proper calculation of his pension

disability benefits for the past 10 years, losing thousands of dollars in benefits.

### E. Damages

84.     The damages element requires "proof of a causal connection between the fraud

perpetrated and the loss complained of." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F2d

270, 279 (2d Cir 1992). Here, the Plaintiff's reliance on the false hour reports for the calculation

of his benefits over the past ten years caused him to be deprived of thousands of dollars in

benefits that were due him as a direct result of the fraudulent hour reports.

### F. Joint and Several Liability of Defendants

85.     The defendants acted in concert to deprive the Plaintiff of his ERISA benefits and

should be held jointly and severally liable for these actions pursuant to the precedent put forth in

*Diduck v. Kaszycki & Sons Contractors, Inc.* ("[O]ne who knowingly participates in an ERISA

fiduciary's breach of duty is jointly and severally liable with the fiduciary for resulting damages

under ERISA.") *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F2d 270, 281 (2d Cir 1992).

86.     For purposes of the statute of limitations, the cause of action for the Defendant's

fraud accrued when the Plaintiff reviewed his paystubs and realized that they didn't match up

Page 19 – SECOND AMENDED COMPLAINT

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

with the hours reported to the Pension Plan by the Union. *See* 29 U.S.C. §1113. The Plaintiff made this discovery in on or about September 18, 2013 in a letter to former attorney George Wall during the course of settlement discussions attempting to resolve this matter with Earhart and the Pension Plan. Sometime shortly afterwards, George Wall and Mr. Serafin parted ways, and Mr. Serafin continued engaging in good faith settlement negotiations with the William C. Earhart Company and the Pension Plan Trust. Mr. Serafin consistently brought up his concern that his hours were still inaccurately low, and the inaccuracy needed to be corrected in any final settlement.

87.    The Plaintiff's cause of action against the Pension Plan and against Earhart is also equitably tolled for the following reasons: The Plaintiff was engaging in good faith settlement negotiations with the Pension Plan and the William Earhart Company for the past 10 years to resolve the allegations surrounding this complaint, including the arbitrator's decision denying retroactive benefits. All the settlement agreements contained provisions to settle allegations of entitlement to retroactive disability payments. When settlement negotiations broke down, the Plaintiff immediately filed this action pro-se in a good faith attempt to protect his rights.

88.    Regarding the failure to properly recalculate benefits upon notice of inaccurate hour calculations, the claim has not yet accrued, because there has been no clear denial by the pension plan administrator of the fact that the Plaintiff's benefit amounts may have been miscalculated. *See Withrow v. Halsey*, 655 F.3d 1032, 1034 (9th Cir.2011). The Plaintiff therefore seeks a recalculation with reimbursement for unpaid benefits due under the plan retroactive to February 12, 2002, plus interest of 8% as required by the plan in §2.4(c)(2) as well as costs and attorneys' fees pursuant to 29 U.S.C. §1132(a).

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

**Count 3: Breach of Fiduciary Duty by Earhart and the Pension Plan under ERISA 29 U.S.C. § 1109 in Failing to Identify and Correct Fraudulent Misrepresentation of Plaintiff's Work Hours by the Defendants Cascade General, Inc. and Laborer's Local Union 296**

89.    The Plaintiff realleges and incorporates the allegations of paragraphs 1-54.

90.    The William C. Earhart Company Inc. and the Pension Plan Trust are fiduciaries under the definition of 29 USCS § 1109(a). William C. Earhart Company Inc. and the Pension Plan Trust breached their fiduciary duties to the Plaintiff under ERISA by failing to verify the hours reported to it by the Laborer's Local Union 296 and by Cascade General, Inc.

91.    The William C. Earhart Company Inc., as a third-party administrator, has fiduciary duties under ERISA, particularly where it had knowledge of likely misconduct by its plan sponsors. According to the William C. Earhart Website, Earhart provides the following services to Defined Benefit Plans: "The Earhart Company does it all when it comes to the administration of defined benefit plans. That can include billing employers, maintaining records of employees work history, periodic benefit and vesting statements, benefit calculations, pension processing and payments, year-end tax filings, and assistance with plan booklets." (https://www.wcearhart.com/definedbenefitplans.php, Last Accessed 3/9/2019). To the extent that Earhart keeps records of employee work history and calculates benefits, it has fiduciary duties to the plan participants under ERISA to make sure that information is accurate.

92.    The Pension Plan has fiduciary duties under the plan documents and discretionary authority to calculate and determine benefit amounts.

93.    After the Plaintiff submitted documents on September 22, 2009 showing that his reported pension hours statement was inaccurately low, The William C. Earhart Company and the Pension Plan Trust had a fiduciary duty to conduct an audit of Cascade General, Inc. and to investigate whether Cascade General, Inc. had been under-reporting the working hours of its

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

employees. The William C. Earhart Company Inc. failed to do this and relied solely on the Plaintiff's additional documents provided and the additional hours reported by Laborer's Local Union 296 which were still inaccurately low, when compared to the Plaintiff's paystub records. The William C. Earhart Company Inc. and the Pension Plan Trust failed to conduct an investigation to accurately address the matter.

94.    Seeking to resolve this matter without resort to litigation, the Plaintiff continued in a long, drawn out settlement negotiation process for the past ten years involving the William C. Earhart Company, William C. Earhart Company attorneys, as well as attorneys for the Pension Plan. Negotiations broke down in January 2018 when defendants delivered an ultimatum where they threatened to terminate settlement negotiations if he did not accept a settlement offer based on the inaccurately low work hour calculations. The Defendant the William C. Earhart Company Inc. refused to re-calculate the benefits based on Serafin's paystub information, precipitating this lawsuit.

95.    For purposes of the statute of limitations, the cause of action for breach of fiduciary duty accrued when the Plaintiff  reviewed his paystubs and realized that they didn't match up with the hours reported to the Pension Plan by the Union. The Plaintiff  made this discovery on or about September 18, 2013. Plaintiff filed this action within the six year statute of limitations for fraud claims on January 2018. It is also likely that the claim has not yet accrued, because there has been no clear denial by the pension plan administrator of the fact that the Plaintiff's benefit amounts may have been miscalculated. *See Withrow v. Halsey*, 655 F.3d 1032, 1034 (9th Cir.2011).

96.    "Equitable tolling is appropriate where there is excusable ignorance of the limitations period and [a] lack of prejudice to the defendant, or where the danger of prejudice to

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

the defendant is absent, and the interest of justice [require relief]." *Forester v. Chertoff*, 500 F.3d 920, 930 (9th Cir. 2007) (citations and internal quotations omitted). The Plaintiff's cause of action is equitably tolled for the following reasons: First, According to *Chuck v. Hewlett Packard Co.*, failure to provide information as required by 29 U.S.C. § 1133, (a similar notification provision in ERISA) constitutes "a factor that militates strongly against a finding that the statute of limitations has begun to run against a claimant" Chuck v. Hewlett Packard Co., 455 F.3d 1026, 1030 (9th Cir. 2006). Because the pension plan failed to notify Plaintiff of his benefits denial within 30 days, this factor weighs strongly against the statute of limitations beginning to run to bar his claims regarding the unconscionability of the pension plan language interpreted to deny his benefits.

97.     Secondly, the Plaintiff was engaging in good faith settlement negotiations with the Defendants for the past 10 years to resolve the allegations surrounding this complaint. All the settlement agreements contained provisions to settle allegations of entitlement to retroactive disability payments.

98.     Finally, as a reasonably prudent, polish immigrant with English as his second language, equity suggests that an immigrant might be less appraised of the legal consequences of waiting to pursue his rights than someone who is born here and speaks English fluently. In spite of the Plaintiff's unfamiliarity with our legal system however, when settlement negotiations broke down, the Plaintiff immediately filed this action pro-se in a good faith attempt to protect his rights.

99.     The Plaintiff is entitled to recover his costs and attorneys' fees for prosecuting this claim pursuant to 29 *U.S.C.* §1132(a).

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

**Count 4: Fraud, Negligent Misrepresentation, and Failure to Respond to a Request for Information about Potential Disability Benefits by Laborer's Local Union 296 in violation of ERISA 29 USCS § 1132(a)(3)**

100.    The Plaintiff realleges and incorporates the allegations of paragraphs 1-63.

101.    On August 20, 2004, the Plaintiff filed a complaint with Laborer's Local Union 296 ("The Union), asking for assistance in to "obtain just, legally required compensation for me (wages and benefits)" as the result of his discriminatory lay-off by Cascade General, Inc. However, the union failed to do so, and never informed him of his benefits. As a direct and proximate cause of the union's negligence and fraudulent misrepresentation, the Plaintiff was denied at least four years of pension disability benefits. The Plaintiff therefore seeks damages for those four years of denied benefits from the Defendant Laborer's Local Union 296.

102.    The Plaintiff's cause of action is equitably tolled for the following reasons: the Plaintiff was engaging in good faith settlement negotiations with the Defendants for the past 10 years to resolve the allegations surrounding this complaint. All the settlement agreements contained provisions to settle allegations of entitlement to retroactive disability payments. The union was aware of the dispute plaintiff had with Earhart and the Pension Plan Trust because the union provided a statement of work hours to Earhart in order to recalculate Plaintiff's benefits. The union also assumed a duty it claims it did not have, to provide a report of Plaintiff's work hours to the William Earhart Company and the Pension Plan Trust. When it provided documents to the William Earhart Company and the Pension Plan Trust, the union was made aware of the dispute that was under settlement negotiations and therefore was on notice of possible claims against the union that could arise from subsequent litigation and might be resolved by the settlement discussions with Earhart and the Pension Plan Trust. Consequently, the settlement negotiations toll the statute of limitations for claims against the union as well as against Earhart

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

and the Pension Plan Trust. As a reasonably prudent, polish immigrant with English as his second language, equity suggests that an immigrant might be less appraised of the legal consequences of waiting to pursue his rights than someone who is born here and speaks English fluently. In spite of the Plaintiff's unfamiliarity with our legal system, when settlement negotiations broke down, the Plaintiff immediately filed this action pro-se in a good faith attempt to protect his rights.

103.    The Plaintiff is entitled to recover his costs and attorneys' fees for prosecuting this claim pursuant to 29 *U.S.C.* §1132(a).

**Count 5: The Pension Plan Failed to Provide Information about Benefits Denial to Plaintiff within 30 days as required by ERISA, Triggering a Claim under 29 U.S.C. § 1132(a)(3).**

104.    Following the denial of the Plaintiff's Retroactive benefits claim in March, 2008, the Defendant the pension plan failed to send a denial letter within 30 days as required by 29 U.S.C. § 1133. Due to the failure to provide the denial letter within 30 days, the Pension Plan is estopped from asserting an issue preclusion defense against plaintiff due to the adverse arbitration ruling. When defendants failed to provide the denial letter within 30 days as required by 29 U.S.C. § 1133, defendants forfeited the right to deny retroactive benefits. The subsequent arbitration ruling was ultra vires. The arbitrator did not have authority to deny retroactive benefits after failure to provide the denial notice within 30 days.

105.    Secondly, if the administrator did have any authority to deny benefits, the failure to deny within 30 days constitutes a temporary admission of plaintiff's entitlement to retroactive benefits, followed by a subsequent denial of the retroactive benefits by the board of trustees. Inconsistent or contradictory decisions by the plan administrator are prima facie evidence of a conflict of interest that triggers de novo review of the plan provisions by the court.

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

106.    Finally, U.S.C. § 1132(a)(3) provides a remedy for failure to comply with the notice provisions of ERISA. It allows for judicial review and equitable remedies without a requirement for exhaustion of administrative remedies.

107.    The failure to provide the 30 day notice pursuant to 29 U.S.C. § 1133 also tolled the statute of limitations with regards to claims against the Pension Plan. According to *Chuck v. Hewlett Packard Co*., failure to provide information as required by 29 U.S.C. § 1133 constitutes "a factor that militates strongly against a finding that the statute of limitations has begun to run against a claimant" *Chuck v. Hewlett Packard Co*., 455 F.3d 1026, 1030 (9th Cir. 2006). Combined with the fact that the parties were negotiating in good faith towards settlement and the other equitable factors above, there are enough factors that weigh strongly in favor of tolling the statutes of limitations for this and the preceding claims.

108.    The Plaintiff is entitled to recover his costs and attorneys' fees for prosecuting this claim pursuant to 29 *U.S.C.* §1132(a).

///

///

## Prayer for Relief

WHEREFORE, Plaintiff Christopher Serafin prays for the following relief:

1.  Declaratory relief that he is entitled to disability benefits retroactive to his date of disability on February 12, 2002, plus recalculation of the monthly benefit amount based on 783.5 additional hours worked by the Plaintiff that were not reported by his union to the pension plan, plus 8% interest;

2.  Alternatively, a remand requiring the trustees of the plan to revise the discriminatory plan provisions and evaluate the Plaintiff's evidence of additional work hours; and

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

3.  $381,100.00 (3,811 days x $100) in statutory damages against the Pension Plan Trust for breach of 29 U.S.C.§1132(c)(3).

4.  Reasonable attorney fees and costs in an amount to be determined by the court pursuant to 29 U.S.C. §1132(a), 42 *U.S.C.* §12205, 42 *U.S.C.* §2000e–2, 29 *U.S.C.* §§ 623, 29 *U.S.C.* § 2615, ORS 659A.885.;

5.  The Plaintiff seeks a jury trial on all common law claims.

6.  Any other relief that this Honorable Court deems appropriate.

DATED this 13th day of May, 2019.


  X Caroline Janzen
  _____
  Caroline Janzen, OSB #176233
  4800 SW Griffith Drive, Suite 320
  Beaverton, OR 97005-8716
  Telephone: 503-520-9900
  Email: caroline@janzenlegalservices.com
  Of Attorneys for Plaintiff
  Trial Attorneys: Caroline Janzen, OSB #176233 and
  Paul Janzen, OSB #176240

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this Seventh of September, I served the foregoing FIRST

AMENDED COMPLAINT on the following via the indicated method(s) of service:

    Oregon Laborers'-Employers Pension Plan Trust
    541 NE 20th Ave
    Ste 108
    Portland, OR 97232-2862
    503-222-9603

    Cascade General, Inc.
    5555 N Channel Ave
    Portland, OR 97217

    William C. Earhart Company, Inc.
    3140 NE Broadway St.
    Portland, Oregon 97232

    Laborer's Local Union 296
    17230 NE Sacramento Street
    Portland, OR 97230.

___X___      **ELECTRONIC FILING** utilizing the Court's electronic filing system.

DATED this 13th day of May 2019.

         X Caroline Janzen
         Caroline Janzen, OSB #176233
         4800 SW Griffith Drive, Suite 320
         Beaverton, OR 97005-8716
         503-520-9900
         caroline@janzenlegalservices.com
         Of Attorneys for Plaintiff

**Janzen Legal Services, LLC**
4800 Griffith Drive Suite 320 Beaverton, OR 97005
Office: 503-395-3051; Fax: 503-648-3604